**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALLEN AND EVELYN MCKISSIC,

    Plaintiffs,

vs.                                                  CASE NO. 8:07-cv-1488-T-17EAJ

COUNTRY COACH, INC., and
LAZY DAYS RV CENTER, INC.,

    Defendants.

_____/

**ORDER ON MOTION TO DISMISS**

    This cause is before the Court on Defendants', Country Coach, Inc. and Lazy Days R.V. Center, Inc. Motion to Dismiss Plaintiffs' Complaint filed on July 31, 2007. For the reasons set forth, Defendants' motion is **DENIED in part and GRANTED in part**. The following facts from Plaintiffs' complaint are accepted as true for the purpose of resolving this action.

**BACKGROUND**

    On or about March 17, 2002, Plaintiffs contracted to purchase a used 2002 Country Coach (hereafter "Manufacturer") Recreational Vehicle (hereafter "RV") from Lazy Days R.V. Center (hereafter "Dealer"). Dealer is an authorized by Manufacturer to sell Country Coach RVs. The RV in question was purchased for approximately $311,900.00. Plaintiffs allege that Dealer has breached both express and implied warranties. Dealer claims Plaintiffs were not given any such warranties and argue that the terms of the agreement specifically and expressly state as much.

The front page of the Buyer's Order contains several clauses referencing additional terms found on the back side of the agreement which Dealer intended to be considered part of the agreement. The referencing clauses are found: 1) below Buyer's name and contact information; 2) just below the box containing the Vehicle Identification Number; and 3) just above Buyer's signature. Each clause addresses the fact that there are additional terms on the back of the Buyer's Order and each is clearly intended to bind Plaintiffs to the terms found on both sides of the agreement. Three paragraphs found on the back of the Buyer's Order are specifically relevant to the issue before this Court. The first, paragraph 9, states and appears as:

> EXCLUSIONS OF WARRANTIES.  I UNDERSTAND THAT THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE AND ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, ARE EXCLUDED BY YOU FROM THIS TRANSACTION AND SHALL NOT APPLY TO THE GOODS SOLD.  I UNDERSTAND THAT THERE ARE NO WARRANTIES WHICH EXTEND BEYOND THE DESCRIPTION ON THE FACE HEREOF REGARDING THE UNIT OR ANY APPLIANCE OR COMPONENT WHICH IS PART OF THE UNIT OR THIS SALE.

Similarly, paragraph 11 on the reverse side of the Buyer's Order states and appears as:

> MANUFACTURERS WARRANTIES. MECHANICAL PROBLEMS MAY ARISE WITH ANY VEHICLE. I UNDERSTAND THAT THERE MAY BE WRITTEN WARRANTIES COVERING THE UNIT PURCHASED, OR ANY APPLIANCE(S) OR COMPONENTS(S). I UNDERSTAND THAT THE WARRANTY OR WARRANTIES I RECEIVED AT THE TIME OF SALE ARE MY EXCLUSIVE AND SOLE REMEDY FOR ANY APPLIANCES(S) OR COMPONENTS(S). I AGREE THAT NO OTHER REMEDIES ARE AVAILABLE TO ME, INCLUDING BUT NOT LIMITED TO, REVOCATION OF ACCEPTANCE AND RECISSION.

Lastly, paragraph 14 on the back of the agreement states and appears as:

> NO SPECIAL DAMAGES. I understand that you will not be liable for incidental, consequential, or special damages, including loss of use, resulting from or arising in any way out of this transaction or the purchase, use, servicing, operation or ownership of the goods conveyed

by this agreement.

Plaintiffs' complaint includes claims against Dealer for: (I) Breach of Implied Warranties under the UCC; (II) Breach of Express Warranties under the UCC; (III) Breach of Express Warranties under Magnuson-Moss; (IV) Breach of Implied Warranties under Magnusson-Moss; (V) Revocation of Acceptance; and (VI) Deceptive and Unfair Trade Practices by Dealer.

Plaintiffs have further alleged claims against Manufacturer for: (VII) Breach of Implied Warranties under the UCC; (VIII) Breach of Express Warranties under the UCC; (IX) Breach of Express Warranties under Magnuson-Moss; (X) breach of Implied Warranties under Magnuson-Moss.

Dealer argues that the relevant paragraphs on the back of the agreement validly and conspicuously waive liability for breach of express and implied warranty as well as revocation of acceptance.  Dealer further alleges that the claim for Deceptive and Unfair Trade Practices by Dealer should be dismissed because it is time-barred by the applicable statute of limitations and because Plaintiff failed to state a cause of action under Florida law.

Manufacturer has filed a motion to dismiss claims VII and X only.  It argues that counts VII and X fail to state causes of actions against Manufacturer arguing that Plaintiffs are not in direct privity with Manufacturer.

This Court now considers both Dealer's Motion to Dismiss as well as Manufacturer's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

In deciding a motion to dismiss, a court can examine only the four corners of the complaint. *Rickman v. Precisonaire,* Inc., 902 F. Supp. 232 (M.D. Fla. 1995).  Pursuant to Fed.

R. Civ. P. 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle him to relief. *Am Ass's of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002)(citing *Cook & Nichol,* Inc. *v. Plimsoll Club*, 451 f. 2d 505, 506 (5th Cir. 1971)).  This Court has held previously that the threshold for a complaint's sufficiency is exceedingly low. *Ancata v. Prison Health Services*, Inc., 769 F.2d 700, 703 (11th Cir. 1985).  However, when on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100* Inc. *v. Martin County*, 922 F.2d 1536 (11th Cir. 1991), cert. denied, 502 U.S. 810, 112 S. Ct. 55, 116 L. ed. 2d 32 (1991); *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991).

## DISCUSSION

### I. WHETHER THE RELEVANT FACTS ALLEGED IN PLAINTIFFS' COMPLAINT, IF TRUE, WOULD ENTITLE HIM TO RELIEF FROM DEALER

**A) Dealer's Motion to dismiss claims for Breach of Express and Implied Warranties**

Plaintiffs allege within their complaint, that in the process of negotiating the purchase of the RV, they were informed by Dealer that all necessary procedures to effect transfer of Manufacturer's warranty were properly followed and that remaining warranty cover was transferred to Plaintiffs.  Plaintiffs further allege that implied warranties of merchantability and fitness for a particular purpose would provide relief in the event that any express warranties provided by Dealer did not do so.

A disclaimer of warranty is invalid unless it appears conspicuously on the face of the warranty. *15 U.S. Code Section 2304(a)(3)*. The plain meaning of "on the face of the warranty" means the first page on which the warranty begins. *Miley v. Fleetwood Enterprises,* Inc., 381 F. Supp. 2d 839, 841 (So. D. Ind. 2005). In *Miley*, the court specifically stated that one sheet of paper with writing on both sides constitutes two different pages. *Id*. That is, writing on the back page of a document is not considered to be "on the face" of the warranty. *Id*. The court further stated that when the warranty is part of a larger document, "the face of the warranty" is the page on which the text begins. *Id.*

The issue before this Court is not whether the waiver is conspicuous. That is an issue of fact and not one of law. Rather, the issue is whether the waiver is found on the face of the warranty. The front of the Buyer's Order signed by Plaintiffs has no waiver on it at all. Rather, it contains only references to the back of the page as a whole. Under *Miley*, a waiver found anywhere other than the face of the warranty is invalid and does not effectively serve to waive warranties. *Id*. Plaintiffs contend the waivers in this case do not effectively waive Dealer's express or implied warranties because the alleged waivers do not appear on the front page of the warranty. Because the language in question was found on the back of the Buyer's Order, and because this Court finds that the face of the document means the front page, a dismissal of these claims would be improper.

Accordingly, Dealer's Motions to Dismiss Counts I, II, III, and IV are **DENIED.**

**B) Dealer's Motion to Dismiss Claim for Revocation of Acceptance**

A buyer may revoke acceptance of a lot or commercial unit whose non-conformity substantially impairs the value to him or her within a reasonable time after acceptance. *Fla. Stat.*

*672.608*.  A seller is however allowed to disclaim or contractually limit a buyer or potential buyer's right to revoke acceptance. *Fla. UCC 672.719(a)*.  And while that is the case, the disclaimer or waiver must be valid to be effective. *Miley v. Fleetwood Enterprises*, Inc. 381 F. Supp. 2d 839, 841 (So. D. Ind. 2005).  Federal statute renders any waiver of any implied or written warranties invalid if the waiver is not found on the face of the document. 15 U.S.C. 2304(a)(3).  Plaintiffs contend the clause disclaiming Plaintiffs' right to revoke acceptance is not on the front page of the document and is therefore not on the face of the warranty.  Because the relevant text is found on the back page of the Buyer's Order and because a disclaimer must be found on the face of the warranty, Plaintiffs have alleged facts that could entitle them to some relief and a dismissal of the claim would therefore be improper.

      Accordingly, Dealer's Motion to Dismiss Count V is **DENIED.**

**C) Dealer's Motion to Dismiss Claim for Deceptive and Unfair Trade Practices**

      An action founded a Florida statute to establish liability is governed by a four year statute of limitations. Fla. Stat. § 95.11(3)(f)(2007).  By claiming that Dealer has violated the Florida Deceptive and Unfair Trade Practices Act (hereafter FDUTPA), Plaintiff is attempting to establish liability founded on Florida Statute.  Thus, a claim under FDUTPA is governed by a four year statute of limitations.

      Absent application of the delayed discovery rule, the cause of action was created at the time the RV was purchased. *Yusaf Mohamad Excavation*, Inc. v. *Ringhaver Equipment*, *Co.,* 793 So. 2d 1127, 1128-1129 (Fla. 5th DCA 2001). *See also, South Motor Company of Dade County v. Doktorczyk*, 957 So. 2d 1215, 1217 (Fla. 3rd DCA 2007). *Ringhaver*, citing the Florida Supreme Court states that the applicable Florida statute does not mention the delayed discovery rule and

as such, the delayed discovery rule does not apply. *Id*. at 1128.  Because the delayed discovery rule does not apply to the FDUPTA, Plaintiffs were required to make their claim within four years of the purchase date.  The RV in question was purchased on or about March 17, 2002 which would require this action to have been filed by March 17, 2006.  Because this action was not filed until July 21, 2007, it is time-barred by the applicable statute of limitations.

Accordingly, Dealer's Motion to Dismiss Plaintiffs' claim under FDUTPA is **GRANTED with prejudice.**

### II. WHETHER THE RELEVANT FACTS ALLEGED IN THE PLAINTIFFS' COMPLAINT, ACCEPTED AS TRUE, WOULD ENTITLE THEM TO SOME SORT OF RELIEF FROM MANUFACTURER.

**A)  Manufacturer's Motion to Dismiss Claims VII and X for Breach of Implied Warranties Under the UCC and the Magnuson-Moss Warranty Act.**

Under Florida law, an implied warranty is created only when a buyer and seller are in privity. *Powers v. Lazy Days RV Center,* Inc., No. 8:05-CV-*1542*, 2006 U.S. Dist. LEXIS 9785, at *5 (M.D. Fla. Feb 16, 2006) *See also, T.W.M. v. American Medical Systmens,* Inc., 886 F. Supp. 842, 844 (N.D. FLA. 1995).  A manufacturer of an RV is not in privity with a purchaser when the RV is purchased from a third party seller. *Id*.

Plaintiffs did not buy the RV in question from the manufacturer.  It was purchased from Dealer, an authorized seller of Manufacturer's RVs.  Plaintiffs cannot be in privity with Manufacturer unless they actually purchased the RV from Manufacturer.  The RV in question was purchased from the authorized 3rd party Dealer and not the Manufacturer.  Plaintiffs have alleged no facts that they dealt with Manufacturer during the purchase of this RV.  There can be no implied warranty with Manufacturer because Plaintiffs have not alleged facts, that in any

conceivable way, could establish privity with Manufacturer.

Therefore, Plaintiffs' claims for Breach of Implied Warranties under the UCC and the Magnuson-Moss Warranty Act are **GRANTED with prejudice.**  Therefore, it is

**ORDERED** that Defendant Dealer's Motion to Dismiss, (Dkt. 12), be **DENIED** as to Counts I, II, III, IV, and V; that Defendant Dealer's Motion to Dismiss, (Dkt. 12), be **DENIED** as to Count VI; and Defendant Manufacturer's Motion to Dismiss, (Dkt. 13), be **GRANTED** as to Counts VII and X.  The defendants have ten days from this date to answer the remainder of the complaint.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 3rd day of March, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record