## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALLEN AND EVELYN MCKISSIC,

      Plaintiffs,

vs.                                                       CASE NO.  8:07-cv-1488-T-17EAJ

COUNTRY COACH, INC., and
LAZY DAYS RV CENTER, INC.,

      Defendants.

_____/

### <u>ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION</u>

This cause comes before the Court on Defendant, Lazy Days' Motion for

Reconsideration of this Court's March 3, 2008 Order (Dkt. 47) and Plaintiffs' response thereto

(Dkt. 51).  For the reasons set forth below, Defendant's Motion is GRANTED in part and

DENIED in part and the Court's previous Order (Dkt. 47) is AMENDED.

### BACKGROUND

A factual account of this matter is detailed in this Court's Order denying Defendants'

Motion to Dismiss.  Those facts are re-adopted and accepted as true for the purpose of resolving

this pending motion.  For the benefit of the reader, pertinent facts are summarized as follows:

Plaintiffs contracted to purchase a used 2002 Country Coach ("Manufacturer")

recreational vehicle from Lazy Days R.V. Center ("Dealer").  Plaintiffs' complaint contains the

following claims relevant to this Motion for Reconsideration: Breach of Implied Warranties

1

under the UCC (Count I); Breach of Express Warranties under the UCC (Count II); Breach of

Express Warranties under Magnuson-Moss (Count III); Breach of Implied Warranties under

Magnuson-Moss (Count IV); Revocation of Acceptance (Count V); and Deceptive and Unfair

Trade Practices by Dealer (Count VI).  Plaintiffs allege that Lazy Days has breached both

express and implied warranties.  Lazy Days claims that such warranties were not provided to

Plaintiffs and that same were effectively disclaimed in the terms of the agreement.

  The front page of the Buyer's Order contains three clauses that make reference to

additional terms found on the back side of the agreement.  Lazy Days alleges that these terms, on

the back side of the agreement, should be considered part of the agreement and that they validly

and conspicuously waive liability for breach of both express and implied warranties as well as

revocation of acceptance.  These reference clauses are found in fine print (1) below Buyer's

contact information, (2) below the price of the unit, and (3) above buyer's signature.  The clear

intent of these clauses is to bind purchasers to the additional terms on the back of the agreement.

  The back page of Buyer's Order contains three paragraphs that are relevant to the issue

before the Court.  The first, paragraph 9, states and appears as:

  EXCLUSIONS OF WARRANTIES.  I UNDERSTAND THAT THE IMPLIED
  WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR
  PURPOSE AND ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, ARE
    EXCLUDED BY YOU FROM THIS TRANSACTION AND SHALL NOT
APPLY TO THE GOODS SOLD.  I UNDERSTAND THAT THERE ARE NO
WARRANTIES  WHICH EXTEND BEYOND THE DESCRIPTION ON THE FACE
HEREOF  REGARDING THE UNIT OR ANY APPLIANCE OR COMPONENT
WHICH IS A PART OF THE UNIT OR THIS SALE.

Paragraph 11 states and appears as:

  MANUFACTURERS WARRANTIES.  MECHANICAL PROBLEMS MAY ARISE
  WITH ANY VEHICLE.  I UNDERSTAND THAT THERE MAY BE WRITTEN
  WARRANTIES COVERING THE UNIT PURCHASED, OR ANY APPLIANCE(S) OR

THE COMPONENT(S), SUCH AS THOSE WHICH HAVE BEEN PROVIDED BY THE MANUFACTURERS OF THE UNIT, THE APPLIANCE(S) OR THE COMPONENT(S).  I UNDERSTAND THAT THE WARRANTY OR WARRANTIES I RECEIVED AT THE TIME OF SALE ARE MY EXCLUSIVE AND SOLE REMEDY FOR ANY PROBLEMS THAT I MIGHT HAVE WITH THE UNIT OR ANY APPLIANCE(S) OR COMPONENT(S).  I AGREE THAT NO OTHER REMEDIES ARE AVAILABLE TO ME, INCLUDING BUT NOT LIMITED TO, REVOCATION OF ACCEPTANCE AND RESCISSION.

Paragraph 14 states and appears as:

NO SPECIAL DAMAGES.  I understand that you will not be liable for incidental, consequential or special damages, including loss of use, resulting from or arising in any way out of this transaction or the purchase, use, servicing, operation or ownership of the goods conveyed by this agreement.

Lazy Days further alleges that the claim for Deceptive and Unfair Trade Practices should be dismissed, because it is time-barred by the applicable statute of limitations.

On August 21, 2007, Plaintiffs filed their complaint.  (Dkt. 2).  Defendant, Lazy Days, filed its Motion to Dismiss on October 8, 2007, (Dkt. 12), and Plaintiffs filed their Memorandum in Opposition of Defendant's Motion to Dismiss on October 17, 2007, (Dkt. 14).  This Court issued its Order on Defendant, Lazy Days', Motion to Dismiss on March 3, 3008.  (Dkt. 47). The Court Denied Defendant's Motion To Dismiss as to Counts I, II, III, IV, V, and IV.  The Defendant, Lazy Days, now urges this Court to reconsider their respective motion.  (Dkt. 48).  In response to Defendant's Motion for Reconsideration, Plaintiffs filed a response on March 13, 2008, maintaining that this Court uphold its previous Order and making a request for attorneys' fees.  (Dkt. 51).

**STANDARD OF REVIEW**

There are three identifiable bases for reconsidering an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or

manifest injustice.  This case would come under the third-prong.  *See Lamar Adver. Of Mobile, Inc. v. City of Lankeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999)).  The proper standard of review is explained in *Prudential Securities, Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D. Fla. 1996).  This Court will not amend a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction."  *Id.* at 417 (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F. 2d 1237, 1239 (11th Cir. 1985)).  Only in extraordinary circumstances that justify expending the scant resources of the Court will a motion for reconsideration be granted.  *See Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D. Pa. 1992).  The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Ludwig v. Liberty Mutual Fire Ins. Co.*, 2005 WL 1053691 (citing *Lamar*, 189 F.R.D. at 489 (M.D. Fla. 1999)).

## DISCUSSION

Defendant asks this Court to reconsider and reverse its March 3, 2008 Order, which found that the warranty and remedy exclusions were invalid because they were printed on the reverse side of its contractual "Buyer's Order" with Plaintiffs.  In its previous Order, this Court relied on the inapposite Indiana case of *Miley v. Fleetwood*, 381 F.Supp.2d 839 (S.D. Ind. 2005) as guidance in reaching its decision.  The *Miley* court held that the defendants violated the Magnuson-Moss Warranty Act when they wrongfully disclaimed incidental and consequential damages by having a warranty disclaimer that started on the first page but continued to the second page of the warranty.  *Id.* at 840.  Applying the *Miley* reasoning, this Court focused on whether the Defendant, Lazy Days, placed the waiver on the face of the warranty.  Because the

4

language in question was found on the back of the Buyer's Order, not the face of the document, it was held that a dismissal of the claims would be improper.  The Court followed this principle in its analysis of Counts I, II, III, and IV.

However, the Court now recognizes that in order to reach a proper decision, these claims are subject to more than a *Miley* analysis.  The claims under the UCC (Counts I and II) must be analyzed separately from the claims under the Magnuson-Moss Act (Counts III and IV).

## Count I

First, the Court will reconsider its ruling on Count I, Breach of Implied Warranties under the UCC.  Lazy Days argues that *Miley* has no application to the validity of the dealer's warranty and remedy exclusions in this case and that, instead, they are controlled by Florida's Uniform Commercial Code, Florida Statute Section 672.316(2) and (4), which state:

> (2)     . . . to exclude or modify the implied warranty of merchantability or any part of it, the language must mention merchantability and in case of a writing must be conspicuous. . .

> (4)     Remedies for breach of warranty can be limited in accordance with the provisions of this chapter on liquidation or limitation of damages and on contractual modification of remedy (ss. 672.718 and 672.719).

Plaintiffs make lengthy argument using the Magnuson-Moss Act and the *Miley* case.  However, Plaintiffs do not present to this Court any argument as to their applicability to Counts I and II, which are made under the UCC, not the Magnuson-Moss Act.  To the contrary, Plaintiffs recognize that in the case of *Ames v. Winnebago Indus. Inc.*, 2005 WL 2614614 (M.D. Fla. 2005), where there was no Magnuson-Moss Warranty Act Claim, the seller was not subject to the federal statutory, regulatory, and case-law requirements of disclaimer presentation.  In addition, Plaintiffs further accept that those standards, 15 U.S.C. § 2304 and the *Miley* case, were

not applicable in *Ames*.

The Court agrees with Lazy Days in that the UCC and relevant state law controls these claims.  The correct rule to apply is Florida Statute § 672.316.  It was error of this Court to conduct the analysis for Counts I and II, in its previous order, under 15 U.S.C. § 2304, the Magnuson-Moss Warranty Act, and the *Miley* case.  These provisions would apply to Counts III and IV, which are claims made under Magnuson-Moss.  The Court must reconsider its previous Order as to Counts I and II by conducting its analysis using Florida Statute 672.316 and applicable sections of the UCC.

Florida Statute 672.316(2) specifically focuses on excluding or modifying the *implied* warranty of merchantability.  Therefore, it is applicable to Count I of Plaintiff's complaint, Breach of Implied Warranties under the UCC.  The issue turns on whether Defendant, Lazy Days, excluded or modified the implied warranty of merchantability in accordance with regulatory standards.  The relevant portion of the statute (quoted above) requires that the language must be "conspicuous".  "Conspicuous" is defined by Florida Statute 671.201(10):

> (10)    "Conspicuous," with reference to a term, means so written, displayed, or presented that a reasonable person against whom it is to operate ought to have noticed it. Whether a term is "conspicuous" is a decision for the court. Conspicuous terms include the following:
>
> (a)    A heading in capitals in a size equal to or larger than that of the surrounding text or in a type, font, or color in contrast to the surrounding text of the same or lesser size.
>
> (b)    Language in the body of a record or display in type larger than that of the surrounding text; in a type, font, or color in contrast to the surrounding text of the same size; or set off from surrounding text of the same size by symbols or other marks that call attention to the language.

It is Defendant's position that the location of the warranty disclaimers on the reverse

6

page of Buyer's Order are conspicuous, as required by Florida Statute 672.316(2).  To support its

position, Defendant cites to several cases.  This district, in more than one case, has previously

held the same type of warranty provisions, such as those presented in the case at issue, to be

"conspicuous".  *Chmura v. Monaco Coach Corp.*, 2006 WL 709325 (M.D. Fla. 2006),

*Progressive Northern Ins. Co. v. Therm Technology Corp.*, 2007 WL 4557206 (M.D. Fla. 2007),

citing *Rudy's Glass Construction Co. v. E.F. Johnson Co.*, 404 So. 2d 1087 (Fla. 3d DCA.

1981).

      The facts of this case become extremely relevant here.  As previously mentioned, the

only references to the reverse page of the warranty were placed in fine print (1) below Buyer's

contact information in the upper half of the order, (2) below the price of the unit, and (3) above

buyer's signature.  These three statements refer the purchaser to the reverse page, one of which is

written in small capitalized letters.  There appears to be no signature or initials on the reverse

page of the warranty.  On the reverse side of the agreement, the relevant warranty provisions are

presented in all capital letters and underlined.

      A disclaimer on the reverse page of a document, accompanied by a similar reference on

the front page, is considered "conspicuous".  *Progressive*, 2007 WL 4557206 at *6.

Additionally, the fact that the disclaimers are on the back of the Buyer's Order does not make

them inconspicuous, since the statement above the purchaser's signature is in all capital letters,

alerting the purchaser that there are additional terms on the reverse side of the document.

*Chmura*, 2006 WL 709325 at *3.

      Here, one of the references to the reverse side of Buyer's Order was in all capital letters

above Plaintiffs' signature.  As they were in *Chmura*, the disclaimers here are conspicuous.

Lazy Days has demonstrated that it has disclaimed all warranties, express and implied.  As such,

Lazy Days has shown that there is no basis for Plaintiffs to claim they are entitled to such

warranties.  Since the implied warranty of merchantability was properly excluded by Lazy Days,

Plaintiff has not and cannot show a breach of a contractual obligation by Lazy Days.

Accordingly, this Court rejects Plaintiffs' arguments on this issue and finds that Lazy Days has

shown that Count I of Plaintiffs' complaint does not state a cause of action upon which relief

may be granted.

## Count II

Section (1) of Florida Statute 672.316 is applicable to Count II, Breach of Express

Warranties under the UCC.  It states as follows:

> (1)     Words or conduct relevant to the creation of an express warranty and words or
>         conduct tending to negate or limit warranty shall be construed wherever possible
>         as consistent with each other; but, subject to the provisions of this chapter on
>         parol or extrinsic evidence (s. 672.202), negation or limitation is inoperative to
>         the extent that such construction is unreasonable.

For the above stated reasons under Count I and because this Court finds that the construction of

the clauses modifying and excluding the warranties (found on the back of Buyer's Order) are not

unreasonable, Count II fails to state a cause of action upon which relief may be granted.

## Counts III and IV

Counts III and IV are both claims for breach of warranties under the Magnuson-Moss

Warranty Act.  15 U.S.C.A. § 2304(a)(3) states:

> (3)     such warranter may not exclude or limit consequential damages for breach of any
>         written or implied warranty on such product, unless such exclusion or limitation
>         conspicuously appears on the face of the warranty

16 C.F.R. § 701.1(I) defines "on the face of the warranty" as:

(I)     On the face of the warranty means:

    (1)     Where the warranty is a single sheet with printing on both sides of the sheet or where the warranty is comprised of more than one sheet, the page on which the warranty text begins;

    (2)     Where the warranty is included as part of a larger document, such as a use and care manual, the page in such document on which the warranty text begins.

This Court, in its previous order, focused on whether the waiver of warranties was found on the "face" of the warranty. The page on which the warranty text begins is the face of the warranty, and since the alleged waivers do not appear on the front page, this Court found a dismissal of the claims to be improper, since Lazy Days did not effectively waive warranties.

In its Motion for Reconsideration, Lazy Days states that the Court incorrectly relied on *Miley,* 381 F. Supp.2d 839, in reaching its decision. It is Lazy Days' position that *Miley* is wholly inapposite here for numerous reasons. First, Lazy Days claims that *Miley* was a warranty lawsuit against the *manufacturer,* not a *dealer.* However, Lazy Days reaches this conclusion without citation to any authority. Lazy Days incorrectly assumes that because the *Miley* case involved a manufacturer that the Magnuson-Moss Act does not apply to sellers. The failure to include does not automatically warrant exclusion. The Court agrees with Plaintiffs' contentions that *Miley* applies to all warranties, whether manufacturers or sellers. Additionally, by implication, 16 C.F.R. § 701(1) and 15 U.S.C. § 2304(a)(3) of the Magnuson-Moss Warranty Act apply to both manufacturers and sellers. The Magnuson-Moss Warranty Act is applicable to all warranters, not just manufacturers. "The term 'warranter' means any supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty." 15 U.S.C. § 2301(5). Accordingly, Lazy Days fits the definition of "warranter".

9

Moreover, Defendant contends that *Miley* only dealt with the validity of a remote manufacturer's *incidental and consequential damage* disclaimers in its warranty, not the validity of a selling dealer's *implied warranty and remedy exclusions* in a retail purchase contract.  The Court finds this argument one without merit.  The fact that *Miley* was discussing warranty "disclaimers", can be implied and understood to mean that the *Miley* court was speaking on the subject of implied warranties.

This Court, in its previous Order, as well as the *Miley* case, did not make the distinction between "incidental" and "consequential" damages.  This, however, is a critical point that must be analyzed further.  15 U.S.C. § 2304(3), in its plain language, refers to "consequential damages" in that they may not be excluded or limited unless such is on the face of the warranty.  This section of the Code does not make mention of "incidental" damages.  Therefore, only limitations as to "consequential" damages must appear on the face of the warranty to satisfy Magnuson-Moss.  Uniform Commercial Code § 2-715 defines these different types of damages:

> (1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.
> (2) Consequential damages resulting from the seller's breach include
> > (a)   any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and
> > (b)   injury to person or property proximately resulting from any breach of warranty.

The "consequential" damages provision on the reverse side of Buyer's Order are contained in paragraph 14, which begins with "NO SPECIAL DAMAGES".  This is the clause that needed to appear on the face of Buyer's Order.  Since 15 U.S.C. § 2304(a)(3) only mentions

that "consequential" damages need be on the face, the additional provisions found in paragraphs 9 and 11, limiting incidental damages, are valid and enforceable, even though they are found on the reverse side of the Buyer's Order.

It then seems that Plaintiffs might be able to recover "consequential" or "special" damages since this exclusion was not on the face of the warranty as it should have been if they win this case.  Even so, remedies under Magnuson-Moss, 15 U.S.C. § 2304, are applicable only to "full" warranties.  *Lambert v. Monaco*, 2005 WL 1227485 (M.D. Fla. 2005).  The issue now turns on whether Lazy Days provided a "full" or "limited" warranty to Plaintiffs.

Section 2303, 15 U.S.C. §2303(a), states that written warranties shall be conspicuously designated as "full warranty" or "limited warranty".  Nevertheless, Lazy Days did not make such a designation at the top of the reverse side of Buyer's Order.  Therefore, the Court must consider the content to determine whether Lazy Days intended to provide a "full" or "limited" warranty to Plaintiffs.  Since the incidental damage provisions found on the reverse side of Buyer's Order are deemed valid and enforceable, it can be concluded that such warranty was a "limited" warranty given to Plaintiffs.  A "limited" warranty is not subject to § 2304 or the Magnuson-Moss Act's substantive remedies.  *Id.* at *4, citing *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004), *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 919 n.4 (9th Cir. 2004).

Therefore, recovery to Plaintiffs is not available under the Magnuson-Moss Act (§ 2304) since Lazy Days provided only a "limited" warranty to Plaintiffs.  Therefore, Counts III and IV fail to state a cause of action upon which relief can be granted.

**Count V**

This Court held in its previous Order that Plaintiffs alleged facts that could entitle them to some relief and dismissal was improper since a disclaimer must be found on the face of the warranty, but the relevant text in this case appears on the reverse side of Buyer's Order. However, for those reasons stated above, only provisions modifying or excluding "consequential" damages must appear on the face. Therefore, under § 2304, the exclusion of revocation as a remedy would be valid, even though it is found on the reverse side of Buyer's Order. However, Plaintiffs do not make their claim in Count V under Magnuson-Moss. Therefore, this Court must examine this claim under Florida law, Florida Statute § 672.608, which provides the following provisions regarding revocation of acceptance:

(1) The buyer may revoke her or his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to her or him if she or he has accepted it:
  (a)  On the reasonable assumption that its nonconformity would be cured and it has not been seasonally cured; or
  (b)  Without discovery of such nonconformity if her or his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.
(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if she or he had rejected them.

When the *Ames* court applied Florida Statute § 672.608, it found that the "Exclusion of Warranties" section was conspicuous because it was the only language on the back of the Buyer's Order, other than the "Manufacturers Warranties" section. *Ames v. Winnebago Industries, Inc.*, 2005 WL 2614614 (M.D. Fla. 2005). But, *Ames* is distinguishable from the facts present here. The warranty disclaimer present in *Ames* differs from the placement and content of the disclaimers in this case. Paragraph 9 of the reverse side of Buyer's Order begins

12

with "EXCLUSIONS OF WARRANTIES."  Paragraph 11 begins with "MANUFACTURERS WARRANTIES."  It is under paragraph 11 where the statement "I AGREE THAT NO OTHER REMEDIES ARE AVAILABLE TO ME, INCLUDING BUT NOT LIMITED TO, REVOCATION OF ACCEPTANCE AND RESCISSION."  Because this exclusion of revocation is found under the title "Manufacturers Warranties.", this Court finds that it is not an exclusion applicable to the *Dealer's* (Lazy Days), agreement with Plaintiffs.  Through its designation of "manufacturer", this exclusion refers to Country Coach, the *manufacturer* of the recreational vehicle.  For the foregoing reasons, Lazy Days did not properly modify or exclude revocation of acceptance, and it survives as an available remedy to Plaintiffs, so long as they can establish that their revocation meets the terms set forth in § 672.608.

This Court stated in the previous Order that an action founded under Florida statute to establish liability is governed by a four year statute of limitations.  Fla. Stat. § 95.11(3)(f).  By claiming that Dealer has violated the Florida Deceptive and Unfair Trade Practices Act (hereafter FDUTPA), Plaintiff is attempting to establish liability under Florida Statute.  Thus, a claim under FDUTPA is governed by a four year statute of limitations.

Absent application of the delayed discovery rules, the cause of action was created at the time the recreational vehicle was purchased.  *Yusaf Mohamad Excavation, Inc. v. Ringhaver Equipment, Co.*, 793 So. 2d 1127, 1128-1129 (Fla. 5th DCA 2001).  *See also, South Motor Co. Of Dade County v. Doktorczyk*, 957 So. 2d 1215, 1217 (Fla. 3rd DCA 2007).  *Ringhaver*, citing the Florida Supreme Court, states that the applicable Florida statute does not mention the delayed discovery rule and as such, the delayed discovery rule does not apply.  *Id.* at 1128.  Because the delayed discovery rule does not apply to the FDUPTA, Plaintiffs were required to

13

make their claim within four years of the purchase date.  The RV in question was purchased on or about March 17, 2002, which would require this action to have been filed by March 17, 2006**.** Because this action was not filed until July 21, 2007, it is time-barred by the applicable statute of limitations.

There was a scrivener's error in the Order when the Court denied Lazy Days' Motion to Dismiss at the end of the Court's Order.  Consistent with the above analysis, Defendant, Lazy Days', Motion to Dismiss Count VI is hereby **GRANTED**.  Accordingly, it is


**ORDERED** that the Order at Dkt. 47 is **AMENDED** in that Defendant, Lazy Days', Motion to Dismiss be **GRANTED**, leaving only Count V as to Defendant, Lazy Days.  In addition, the Plaintiff's request for attorney's fees is **DENIED**.

**DONE AND ORDERED** in Chambers in Tampa, Florida on this 16th day of July, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE


Copies to: All parties and counsel of record